Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 12, 2013, which denied plaintiffs motion for leave to enter a default judgment against all defendants and granted the cross motion of defendants-respondents KHL Acupuncture, EC. and South Shore Osteopathic Medicine, EC., to compel acceptance of their answers, unanimously affirmed, without costs.
In this action for a declaration that no-fault insurance coverage does not exist, based solely on defendant Perez’s failure to appear for an examination under oath (EUO), the motion court providently exercised its discretion in granting defendants-respondents’ cross motion to compel plaintiff to accept their belated answers (see CPLR 3012 [d]). The affirmation from respondents’ attorney sufficiently explained that the minimal delay was due to a computer inputting error in her office (Smoke v Windermere Owners, LLC, 109 AD3d 742 [1st Dept 2013]; Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). We note that respondents’ counsel acted promptly upon discovering the error, there is no history of willful neglect, and plaintiff suffered no prejudice.
Contrary to plaintiff’s contention, a meritorious defense is not required to obtain relief under CPLR 3012 (d) (see Smoke, 109 AD3d at 742). In any event, respondents made such a showing by demonstrating that there is insufficient evidence that defendant Perez was properly notified of the EUOs. The affidavit of service submitted in support of plaintiffs motion for a default judgment was insufficient to satisfy its burden of establishing that the EUO scheduling letters were mailed in accordance with the no-fault implementing regulations (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). Plaintiff also failed to provide objective proof of mailing establishing that the letters were mailed to Perez (see Matter of Szaro v New York State Div. of Hous. & Community Renewal, 13 AD3d 93, 94 [1st Dept 2004]). Accordingly, the motion court also properly denied plaintiffs motion for a default judgment (see CPLR 3215 [f]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Gonzalez, EJ., Andrias, Saxe, Richter and Clark, JJ.